# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PAUL HARRINGTON, JR.,

    Petitioner,

        -vs-

ROBIN KNAB, Warden, Chillicothe
  Correctional Institution,

    Respondent.

Case No. 3:08-cv-302

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

---

**SUBSTITUTED REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS;
ORDER VACATING STAY PENDING STATE PROCEEDINGS**

---

This habeas corpus action is before the Court on Respondent's Motion to Dismiss on the grounds that the Petition contains unexhausted claims and should therefore be dismissed under *Rose v. Lundy,* 455 U.S. 509 (1982) (Doc. No. 4).

On November 3, 2008, at 9:12 A.M., the Magistrate Judge filed a Report and Recommendations recommending that the Motion be denied and ordering that the case be stayed pending exhaustion of Petitioner's motion to withdraw guilty plea under Ohio R. Crim. P. 32.1 (Doc. No. 6). Later on the same day, the Clerk received Petitioner's Response in opposition which purports to have been mailed on October 17, 2008 (Doc. No. 7, filed 4:12 P.M.). In his Response, Petitioner claims that he is not required to exhaust the motion to withdraw remedy because

> [H]e fully exhausted his direct appeal options in Ohio courts, and the latter [32.1 motion] is a mere Ohio Postconviction and/or collateral remedy that he has chosen to seek to try to gain relief from newly discovered matters relating to the voluntariness of his pleas.

-1-

(Response, Doc. No. 7, at 2.)

Having considered the Response, the Magistrate Judge withdrew the Report and Recommendations and directed the Warden in the reply to "either advise the Court that it agrees with Petitioner that he has exhausted his claims or stand on its lack of exhaustion defense." (Order, Doc. No. 8, at 3.)

The Warden's Reply admits that Petitioner has exhausted his state court remedies on Grounds for Relief Two, Three, and Four by raising them on direct appeal, but asserts that Ground One was not presented on direct appeal (Reply, Doc. No. 9, at 1-2.) Respondent evinces a willingness to have the Court proceed on all four Grounds for Relief, but asks the Court to then bar any amendment to the Petition which would add claims after the motion to withdraw process is complete. *Id*. at 2.

**Analysis**

The parties agree that Grounds for Relief Two, Three, and Four are exhausted, so the Court's decision is limited to Ground One which reads:

> **Ground One:** Petitioner was denied due process to the U.S. Constitution, 14th Amendment, when his plea was not knowingly, intelligently, and voluntarily entered.
>
> **Supporting Facts:** Petitioner was unaware of the nature of the charges and maximum penalties involved in his trafficking in cocaine over 1000 grams because the Guilty Plea form, Crim. R. 11(C)(2)(a) hearing and judgment entry failed to properly advise accurate law governing post release control penalties.

(Petition, Doc. No. 1, at 6.)

This claim is not made in the presently pending Motion to Withdraw under Ohio R. Crim. P. 32.1[1], so the stay of these proceedings pending the outcome of that matter is VACATED.

On direct appeal, the first Assignment of Error was

> MR. HARRINGTON WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS BECAUSE HIS GUILTY PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY.

*State v. Harrington*, 2007 Ohio App. LEXIS 1218 at ¶ 8 (Ohio App. 2d Dist. March 23, 2007). In support of that Assignment of Error, he argued that the trial court did not properly comply with Ohio R. Crim. P. 11(C)(2)(a) by advising him of the mandatory term of post-release control and that the parties agreed to the plea bargain under a mutual mistake of fact about the constitutionality of Ohio's major drug offender specification law. That appears to the Court to be essentially the same claim presented in Ground One for Relief, at least to the extent the supporting facts evince an intent to rely on the same arguments made to the Second District Court of Appeals.

Accordingly, it is respectfully recommended that the Motion to Dismiss be denied.

28 U.S.C. § 2254(b)(3) provides that a State shall not be deemed to have waived the exhaustion requirement unless it does so explicitly and through counsel. The Court does not read the Respondent's Reply as a waiver of exhaustion.

The question whether Petitioner should be barred from amending his Petition to assert

---

[1] The two claims made there are that trial counsel was ineffective for failure to convey a plea offer and that the weight of drugs in suit is in fact less than 1,000 grams.

additional claims after completion of his pending motion to withdraw proceedings is premature and not ruled on at this point.

November 11, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).