# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PAUL HARRINGTON, JR.,

    Petitioner

Case No. 3:08-cv-302

-vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden,
Chillicothe Correctional Institution.

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits.

Mr. Harrington was indicted in Greene County in June, 2005, on one count of trafficking in cocaine, with a major drug offender specification, a felony of the first degree; one count of possession of cocaine, with a major drug offender specification, a felony of the first degree; three counts of possession of criminal tools, felonies of the fifth degree and two counts of trafficking in drugs, felonies of the fourth degree. In October, 2005, he pled guilty to one count of trafficking in cocaine with an agreed ten year sentence. All remaining charges and specifications were dismissed. In January, 2006, Judge Wolaver imposed agreed ten year sentence plus a fine and "up to" five years of post-release control.

On direct appeal, Mr. Harrington asserted his guilty plea was not knowing, intelligent, and voluntary, that he had received ineffective assistance of trial counsel, and that the judgment incorrectly imposed "up to" five years of post-release control. The Court of Appeals overruled all

three assignments of error. Mr. Harrington's appeal to the Ohio Supreme Court on the first two assignments of error was declined without review of the merits.

Subsequently, Mr. Harrington has unsuccessfully sought relief by way of an Application for Reopening the direct appeal under Ohio R. App. P. 26(B) and by way of motions for new trial and to withdraw the guilty plea in the Common Pleas Court.

The Petition pleads three Grounds for Relief as follows:

> **GROUND ONE**: Petitioner was denied due process to the U.S. Constitution, 14th Amendment when his plea was not knowingly, intelligently and voluntarily entered.
>
> **SUPPORTING FACTS**: Petitioner was unaware of the nature of the charges and maximum penalties involved in his trafficking in cocaine over 1000 grams because the guilty plea form, Crim.R. 11(C)(2)(a) hearing and judgment entry failed to properly advise accurate law governing post release control penalties.
>
> **GROUND TWO**: Petitioner's due process of the 14th Amendment to the U.S. Constitution was violated when a material factor in the guilty plea decision making process was held unconstitutional.
>
> **SUPPORTING FACTS**: Mr. Harrington's plea of guilty is invalid under federal constitutional law-due process because a critical element in the plea decision making was held by the Ohio Supreme Court to be unconstitutional. Ohio's major drug offender, under O.R.C. 2929.14(1)(3)(6) was excised but used by the trial court and State as a tool to obtain Mr. Harrington's guilty plea, and/or a matter of concession.
>
> **GROUND THREE:** Petitioner was denied due process under the 14th Amendment to the U.S. Constitution when Ohio's R.C. 2929.14 (D)(3)(b) was excised but believed by both parties to be constitutional which makes invalid the entered guilty plea.
>
> **SUPPORTING FACTS**: Mr. Harrington's plea of guilty is constitutionally infirm because both parties believed Ohio's R.C. 2929.14(D)(3)(b) to be constitutional but used as a concession too in obtaining Mr. Harrington's guilty plea.
>
> **GROUND FOUR**: Mr. Harrington was denied effective assistance of counsel as guaranteed by the United States and Ohio Constitutions.
>
> **SUPPORTING FACTS**: Petitioner was denied effective assistance

of counsel when errors of law was stated in open court by the judge and prosecutor concerning the maximum penalties of post release control and counsel conceded to the misstatement of law and advised defendant to accept the plea without correction.

The Warden does not assert that any of these claims is time-barred, unexhausted, or procedurally defaulted, but defends each of them on the merits.

## Ground One

In Ground One, Mr. Harrington asserts his plea of guilty was not knowingly, intelligently, and voluntarily entered because Judge Wolaver told him he was subject to post-release control of "up to" five years after his ten-year committed sentence and in fact Ohio law required that he be sentenced to exactly five years of post-release control.

Mr. Harrington largely argued this claim in the Greene County Court of Appeals as a violation of Ohio R. Crim. P. 11. However, he did plead the constitutional ground of relief as part of his first assignment of error and Rule 11 is intended to ensure compliance with the Constitution. In any event, the Warden does not claim this ground for relief was not fairly presented to the state courts. This Court will accordingly proceed to consider the merits.

In deciding the claim, the Court of Appeals held:

> Harrington first argues that his plea was not knowing, intelligent and voluntary because he was misadvised by the trial court that he would be subject to "up to" five years of post-release control when, in fact, he would be subject to exactly five years of post release control. no more and no less. In other words, Harrington contends that he was misadvised that there was a possibility that he would be subject to less that five years of post release control, when, in fact, there was no possibility that the post release control he would be subject to would be less than five years.
>
> Crim. R. 11(C)(2)(a) requires that a trial court must ascertain that a defendant understands the maximum penalty involved before the court may accept a guilty plea. Substantial compliance with the Rule

is sufficient. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. Post release control is a part of the penalty for purposes of the Rule, and a complete failure to advise a defendant of the fact that he will be subject to post release control is not substantial compliance with the Rule, and "could in some instances form a basis to vacate a plea." *State v. Jordan,* 104 Ohio St.3d 21, 2004 Ohio 6085, ¶28.

We held in *State v. Perdue,* 2004 Ohio 6788, Montgomery App. No. 20234, that a trial court's having advised a defendant that he "could" be subject to post release control when, in fact, post release control is mandatory, was a failure of substantial compliance with Crim. R. 11(C)(2)(a) sufficient to require reversal. Here, the trial court did not misstate that post release control was a mere possibility, rather than a mandatory part of Harrington's sentence. Here, the trial court misstated that the term of post release control was "up to" five years when, in fact, it was five years, period.

Under the circumstances, we conclude that the trial court substantially complied with the Rule. Harrington knew that by pleading guilty, he would be subject to a mandatory ten-year term of imprisonment. The trial court clearly advised him of that inescapable consequence of his plea. Given the magnitude of the sentence, to which Harrington tearfully referred when he said, at the sentencing hearing, "You know, ten years is a long time," we find it unlikely, in the extreme, that a mistaken understanding, on Harrington's part, that there was a possibility that his post release control period might be less than five years, played any significant part in his decision to accept the plea bargain.

We conclude that this record fails to demonstrate that Harrington's plea was other than knowing, intelligent and voluntary as a result of the trial court's misstatement concerning the duration of post release control.

*State v. Harrington*, 2007 Ohio 1335 ¶¶ 10-13; 2007 Ohio App. LEXIS 1218 (Ohio App. 2nd Dist. Mar. 23, 2007)

When a federal constitutional claim raised in habeas corpus has been decided on the merits by the state courts in the first instance, the habeas court must defer to the earlier ruling unless it is contrary to or an objectively unreasonable application of clearly established federal law as enunciated in the holdings of the United States Supreme Court. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000).

A plea of guilty or no contest is valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463, 58 S. Ct. 1019, 82 L. Ed. 2d 1461 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

The defendant must at least have a "sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748; *Kercheval v. United States*, 274 U.S. 220, 223 (1927); *Hart v. Marion,* 927 F.2d 256 (6th Cir. 1991). The defendant must be advised of the possible maximum sentence. *Hart v. Marion Correctional Institution*, 927 F.2d 256 (6th Cir. 1991).

A state court finding that the plea was proper is accorded a presumption of correctness, unless the transcript of the plea proceeding is inadequate to demonstrate that the plea was voluntary, intelligent and knowing. *Stumpff v. Mitchell,* 372 F.3d 821 (6th Cir. 2004), citing *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); *Dunn v. Simmons*, 877 F.2d 1275, 1277 (6th Cir. 1989), *overruled on other grounds by Parke v. Raley*, 506 U.S. 20 (1992).

"[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828, 839 (1998), citing *Reed v. Farley*, 512 U.S. 339 354, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994).

By claiming that his plea was not knowing because he thought he could get "up to" five years post-release control instead of a certain five years, Mr. Harrington is implicitly claiming that if he had known the difference, he would have insisted on a trial at which he would have faced a sentence

of well in excess of twenty years. The Court of Appeals considered this claim "unlikely in the extreme." This conclusion by the Court of Appeals is sufficiently a matter of fact that to overcome it, Mr. Harrington would have to offer this Court clear and convincing evidence that he would have gone to trial rather than accept this term of his sentence. In fact, he cites to no evidence on which to credit this claim, so we are left with the inherent unlikelihood of the claim. Mr. Harrington has not overcome the presumption of correctness which attaches to the Court of Appeals conclusion.

Therefore Ground One for Relief should be denied on the merits.

## Ground Two

Part of what Mr. Harrington bargained for was dismissal of the major drug offender specification which was attached to the first two counts of the indictment. He claims that he could not have been punished on the basis of this specification in any event because it was unconstitutional. Reminding the Court that plea agreements are contractual in nature, he argues there was a mutual mistake by the lawyers and the judge in thinking that he could be punished on a major drug offender specification and the agreement should be set aside for mistake.

Unlike the sentence factor in Ground One, this factor was quite significant: the major drug offender specification carries a mandatory consecutive sentence of ten years, or double what Petitioner was actually sentenced to. It is completely credible that getting the State to give up the specification would have been a major part of the plea negotiation.

However, at the time Mr. Harrington pled in October, 2005, and when he was sentenced in January, 2006, no Ohio appellate court had held the major drug offender specification to be unconstitutional. On February 27, 2006, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), in which it held that *Blakely v. Washington*, 542 U.S. 296 (2004),

rendered Ohio's sentencing scheme unconstitutional. In *Blakely*, the Supreme Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt.

Ohio Revised Code § 2929.14(D)(3)(b) provides that an Ohio Common Pleas Court can impose an additional ten-year sentence enhancement on a major drug offender if it makes certain findings. Mr. Harrington relies on *Foster* for his claim that the major drug offender enhancement was unconstitutional. However, in *Foster*, the Ohio Supreme Court held "R.C. 2929.14(D)(2) and (3) are capable of being severed. After the severance, judicial factfinding is not required before imposition of additional penalties for repeat violent offender and major drug offender specifications." 109 Ohio St. 3d 1 at ¶99. In *State v. Mathis,* 109 Ohio St.3d 54, 2006 Ohio 855 (2006), decided the same day as *Foster*, the Ohio Supreme Court held "*Foster* excised the requirement that the court make findings of fact before imposing (1) more than the minimum term on an offender who has never served a prison term, (2) the maximum term, (3) consecutive terms, and (4) penalty enhancements for repeat violent offenders or major drug offenders." *Id*. at ¶26.

Most of the Ohio appellate courts to consider the question have held that *Foster* eliminated the need of the trial court to make additional findings but not the power of the trial court to impose a sentencing enhancement on a major drug offender. See *State v. Foster,* 6th Dist. No. WD-06-013, 2007 Ohio 1524; *State v. Pena,* 10th Dist. No. 06AP-688, 2007 Ohio 4516; *State v. Kidd,* 11th Dist. No. 2006-L-193, 2007 Ohio 4113. The Eighth District Court of Appeals upheld imposition of an additional prison term for a repeat violent offender specification. *State v. Roberson*, 8th Dist. No. 88338, 2007 Ohio 2772. However, in *State v. Sanchez*, 2007 Ohio 6697; 2007 Ohio App. LEXIS 5871 (Ohio App. 2nd Dist. Dec. 14, 2007), the court held that *Foster* makes the major drug offender specification unconstitutional. This same question is now pending before the Ohio Supreme Court

in *State v. Hunter*, Case No. 2008-0661.

Where a guilty plea is otherwise voluntarily and intelligently made with advice of competent counsel and where a factual basis for the plea establishes guilt, the plea itself is not made involuntary because the defendant may have been motivated by statute or state conduct later found to be unconstitutional. *Brady v. United States*, 397 U.S. 742 (1970). As of the time Mr. Harrington accepted dismissal of the major drug offender specification as part of his plea bargain, no Ohio or federal court had held imposition of a sentence upon such a specification to be unconstitutional. As of the date of this opinion, only one Ohio appellate court has done so and the Ohio Supreme Court has not yet decided the question. In other words, the unconstitutionality of the specification does not follow inevitably from *Blakely*, which was decided in 2004, or from *Foster*.

As the Court of Appeals noted in this very case, Mr. Harrington fails to specify what the mutual mistake of law was that he claims infected his plea agreement.

> There is nothing in this record to suggest that either Harrington, his attorney, or the prosecutor, were under any misapprehension concerning the status of this unresolved constitutional issue involving the Ohio felony sentencing statutes.
>
> It is a fact of litigation that there are occasionally disputes of law, as well as disputes of fact, the outcome of which is uncertain. The settlement of legal disputes, whether criminal or civil, necessarily involves compromising these disputes, despite the fact, or, more aptly, because of the fact, that their ultimate outcome is uncertain.

*State v. Harrington, supra*, at ¶¶ 19-20. The Court of Appeals also held that if indeed the parties were not aware that, in October, 2005, or January, 2006, none of the attorneys in his case was aware of the pendency of this issue before the Ohio Supreme Court, he had a remedy:

> It may be that in this case none of the actors were aware that there was even an issue concerning the constitutionality of R.C. 2929.14(D)(3)(b), but we cannot presume that from this record. If the existence of the issue was truly not part of the calculus affecting the plea bargain, and if Harrington can present a plausible case that he would not have accepted the plea bargain had he known that there

-8-

> was an unresolved issue concerning the constitutionality of the statute, then he may petition for post-conviction relief, and make up a suitable record.

*Id*. at ¶ 23. As the Warden notes, despite Mr. Harrington's vigorous pursuit of relief in this case, he has not followed the Court of Appeals' suggestion to file a petition for post-conviction relief which would have actually put before the trial court the facts supporting his theory that there was a mutual mistake of law.

The facts of Mr. Harrington's conviction, given the amount of cocaine involved, would have supported conviction on the major drug offender specification. Even now, three years later, the specification has not been definitively declared unconstitutional[1]. Thus obtaining its dismissal was a major benefit of the plea agreement, even given the unsettled state of the law. Mr. Harrington is not entitled to relief on his second Ground for Relief, which should be denied with prejudice.

**Ground Three**

In Ground Three, Mr. Harrington reargues his second Ground for Relief in different words. In the Return of Writ, the Warden found the two grounds indistinguishable and argued them together. In his Reply/Traverse, Mr. Harrington made no objection to that analysis.

The Magistrate Judge agrees that the Second and Third Grounds for Relief are the same and

---

[1] Mr. Harrington suggests that this Court hold these proceedings in abeyance pending a decision of the Ohio Supreme Court in *Hunter*. That suggestion misses the point. The constitutionality of the major drug offender specification was in doubt in January, 2006, and remains in doubt today. If the Ohio Supreme Court decides in *Hunter* that it is unconstitutional, that decision will have no impact on the fact that it was in doubt three years ago and therefore something which the State and Mr. Harrington could reasonably have bargained about. Of course, if the Ohio Supreme Court decides *Hunter* in this way and also makes its ruling retroactive, Mr. Harrington may then have a remedy in the Ohio courts or here. Such a ruling seems highly unlikely, given that *Foster* itself was made applicable only to cases pending on direct appeal at the time it was decided.

recommends the Third be dismissed on the same basis as the Second.

## Ground Four

In his Fourth Ground for Relief, Mr. Harrington claims he received ineffective assistance of trial counsel because his attorney did not correct the trial judge's statement that he was subject to "up to" five years of post-release control.

The standard for ineffective assistance of counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To show ineffective assistance, a defendant must show his attorney's performance fell below an objective standard of performance for counsel and that he was prejudiced thereby.

In deciding this claim, the Second District Court of Appeals held:

> Harrington predicates this assignment of error solely upon his trial counsel's failure to have corrected the trial court's misstatement, both orally at the plea hearing, and in the written petition form, that by pleading guilty he would be subject to "up to" five years of post-release control.
>
> Reversal of a conviction based upon ineffective assistance of trial counsel requires a showing both: (1) that trial counsel's representation fell below an objectively reasonable standard; and (2) that trial counsel's failure was prejudicial. *Strickland v. Washington, supra; State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. The prejudice required has been said to necessitate proof "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley, supra,* third paragraph of syllabus.
>
> Even if we assume that Harrington's trial counsel's performance was deficient because of his failure to catch this error, we cannot find the requisite prejudice. In our view, for the reasons noted in Part II-A, above, the likelihood that the result of the plea hearing would have been different if Harrington had been advised that there was no chance that the post-release control period would be less than five years is negligible. On this record, we cannot find it to have been a "reasonable probability" that the result would have been different.

-10-

*State v. Harrington, supra,* at ¶¶ 28-29.

This conclusion is neither contrary to nor an objectively unreasonable application of United States Supreme Court law. Therefore, the Fourth Ground for Relief is without merit and should be denied with prejudice.

**Conclusion**

Based on the foregoing analysis, the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with these conclusions, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 27, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).